# JOHNSON // BECKER PLLC

444 Cedar Street, Suite 1800
St. Paul, MN 55101
T (800) 279-6386  F (612) 436-1801

johnsonbecker.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __11/12/2025__

VIA ECF

November 11, 2025

United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Attn: Hon. Katherine Parker

Re:   *Status Report & Request to Adjourn*
      *Anecia Jackson v. Sensio, Inc.*
      Case No. 1:23-cv-03966-ALC-KHP

**APPLICATION GRANTED:** The Case Management Conference scheduled for Thursday, November 13, 2025 at 12:00 p.m. is hereby converted to telephonic. At the scheduled time, the parties shall dial 646-453-4442, conference ID 530 776 121#

APPLICATION GRANTED

*[signature]*

Hon. Katharine H. Parker, U.S.M.J.
11/12/2025

Dear Judge Parker,

The parties respectfully submit this Joint Status Letter ahead of the status conference scheduled for November 13, 2025 at 12:00 p.m. The parties recently held a meet and confer to discuss the potential dismissal of Ms. Jackson's case due to, *inter alia,* her and her expert's testimony related to the alleged product at issue in this case. It is Plaintiff's position that there is sufficient support through Plaintiff's testimony that the product at issue in this case is a Bella pressure cooker. No mediation has been scheduled and, as such, Plaintiff believes a Settlement Conference would be helpful at this juncture.

Defendant disagrees.  All the evidence in this case shows that the product at issue was an "Instant Pot" pressure cooker, which Sensio never manufactured, imported, or distributed.  *First*, the subject pressure cooker and the instructions for same were discarded and are not available for inspection.  *Second*, Plaintiff's contemporaneous medical records all state that she reported being injured by an "Insta Pot" pressure cooker.  *Third*, Plaintiff agreed in her deposition that the pressure cooker at issue was an "Insta Pot," but then said, after interjection from counsel, that the "manufacturer" was Bella.  There is no dispute that "Bella" is not a manufacturer.  *Finally*, Plaintiff's mechanical engineering expert, Dr. Rondinone, admitted he could not state to reasonable degree of certainty that the pressure cooker at issue in this case was in fact a Sensio pressure cooker.  In light of the foregoing, Defendants intend to submit a pre-motion letter to Judge Carter pursuant to his Individual Practice Rule 2.A seeking a conference to set a schedule for a motion for summary judgment.

1

Given the locations of the parties, as well as the current uncertainty associated with travel, the parties respectfully (and jointly) request that the status conference set for November 13, 3025 be held remotely or, alternatively, adjourned.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

JOHNSON BECKER PLLC                                COLELLA ZEFUTIE LLC

s/ *Adam J. Kress*                                 s/ *John J. Zefutie, Jr.*
Adam J. Kress (admitted pro hac vice)              Anthony Laura
Attorneys for Plaintiff                            John J. Zefutie, Jr.
                                                   Attorneys for Defendant